JEREMIAH HATHAWAY & al. *versus* EDWARD H. BURR.

In an action for money had and received wherein the plaintiff claims to recover the price of a quantity of his bark, alleged to have been taken and sold by the defendant, it is only necessary for the plaintiff to prove, that the defendant had taken and sold his bark, and *received payment therefor*, without showing that such payment was in money.

Where the proof is, "that the defendant said he had sold the bark," it is not for the Court to decide whether payment had or had not been made therefor, upon the mere consideration of the legal meaning and effect of the word, *sold;* but the question should be submitted to the decision of the jury, who would also regard the attending circumstances and other facts in the case.

And if in taking and selling the bark the defendant acted as the agent of others, it will not be presumed, without proof, that the money had been paid over to the principals, unless from the nature of the business, or the usual course of transacting it, it would be expected that payment would be made to the principal, and not to the agent.

ON the following exceptions from the Eastern District Court, ALLEN J. presiding.

This was an action of assumpsit in which plaintiff claimed pay for sixteen cords of bark, according to an account annexed to the writ. There was also in the writ a count for money had and received. Plaintiffs prove that they hauled a quantity of bark to the landing in Brewer, and that defendant seized it. And it was agreed that defendant did seize it, acting under the orders of Joseph Otis, agent for the Proprietors of No. 8, in Hancock County, as whose property it was taken by the defendant.

It was also proved by plaintiffs that defendant said he had sold the bark.

Whereupon defendant's counsel requested the Judge to instruct the jury : —

1st. That unless the money or pay for the bark had been actually received by defendant, he was not liable in this action.

2d. That proof that defendant said he had sold the bark, is not sufficient evidence to prove, that he had received the money or pay for the same.

3d. That proof of sale of the bark by defendant as agent of Otis or the proprietors, (plaintiffs knowing at the time that he acted as servant or agent,) is not competent to charge the defendant in this action.

The Judge declined to give the last requested instruction; and instructed the jury, that to maintain this action, it was necessary for the plaintiffs to prove that defendant had sold the bark, and received the money or pay for the same. That if the evidence from the admission of defendant, proved that he had sold the bark prior to the commencement of this suit, the jury would be authorized to find, not only the sale, but that he had received the money or money's worth for the same.

There was no evidence that defendant had received any thing for the bark, or at what price it was sold, or to whom, or that defendant had received any security for the pay, or whether the payment was to be received by him or his principal. The only evidence as to these points, and also as to the fact of the sale, was, that defendant said he " had sold the bark."

Under the instructions of the Court, a verdict was returned against the defendant. And to the rulings and instructions of the Judge, as aforesaid, defendant excepts.

*Hathaway* argued for the plaintiff, and contended that the District Judge erred both in refusing to give the instructions requested, and in stating the law to the jury as he did in the instructions given.

The plaintiffs should have proved their property in the bark. The mere fact that the plaintiffs hauled it, was no evidence, that

it was their property. The defendant took the bark as the property of the owners, and the law will not imply a promise against him against his own protestations. *Jewett* v. *Somerset*, 1 Greenl. 125.

But had the property been proved to have been in the plaintiffs, as the taking was tortious, assumpsit will not lie, unless it be proved, that the money had been received. Here was no evidence that any thing had been received. The first request should have been complied with. *Jones* v. *Hoar*, 5 Pick. 285 ; 1 Metc. & Per. Dig. 282.

The instruction secondly requested should have been given. The mere statement by the defendant that he had sold the bark, is not evidence that he had received pay for it, and much less that he had received payment in money. It would apply equally to a sale for credit, as to payment down, and to a payment in specific articles as to a payment in cash. There is a wide distinction between a sale, and the reception of the proceeds of the sale in money. 1 Taunt. 112 ; *Gilmore* v. *Wilbur*, 12 Pick. 124 ; *Webster* v. *Drinkwater*, 5 Greenl. 323.

The third request should have been granted. The bark was claimed by the proprietors of No. 8 ; and if any presumption of payment to any one can arise, it is, that payment was made to the owners, and not to the agent.

If the plaintiffs can recover, it is only for the amount of money received by the defendant. It is the duty of the plaintiffs to show it, or they cannot support their action. 2 T. R. 144.

*Blake*, for the plaintiffs, contended that the possession of the bark by the plaintiffs, was sufficient evidence of their ownership, until it was proved to belong to some other person.

In common parlance, by having sold an article is meant, that the person has sold it, and received payment therefor in money, or in money's worth. The jury therefore were fully authorized to make the inference they did.

When we show a sale, we are entitled to the usual price of the article, unless the other party shows the sum at which it was actually sold.

The defendant took the property of the plaintiffs wrongfully, and he cannot avoid his responsibility by proving that he was acting as the agent of another. But he cannot even bring up that question, for he has not yet shown, that he has paid the money over to the principal.

The opinion of the Court was drawn up by

SHEPLEY J. — It was contended in argument, that there was no sufficient proof of property in the plaintiffs; but it does not appear, that any such question was made and decided by the presiding Judge. And the only questions presented by the bill of exceptions are those arising out of the instructions, and the refusals to instruct as requested. In this Court the property of the plaintiffs must be considered as having been satisfactorily proved.

There was a substantial compliance with the first request, when the jury were instructed, "that to maintain this action, it was necessary for the plaintiffs to prove, that defendant had sold the bark and received the money or pay for the same." And this was correct; for if he had received payment in any manner, he must be regarded as considering it equivalent to a payment in money. *Beardsley* v. *Root,* 11 Johns. R. 464; *Miller* v. *Miller,* 7 Pick. 136.

The second requested instruction, " that proof, that defendant said he had sold the bark, is not sufficient evidence to prove, that he had received the money or pay for the same," was not given. To have complied with this request it would have been necessary for the Court to have decided upon the legal effect of the word sold, without regard to the circumstances or other facts appearing in the case. Proof of payment was necessary, but it might be inferred from the testimony without any positive evidence. The word sale or sold, as used in conversation and even by legal writers, may signify only, that a bargain or contract to sell has been made, or that there has been such a contract, and delivery of the goods, or that such a contract has been made and completed by the payment of the price. The meaning will usually be clearly ascertained

Hathaway *v.* Burr.

by the words used in connexion with it, or by the circumstances developed. Examples of the use of the word in the first sense may be found, where it is said, " if goods are sold upon condition to be performed at the time of delivery, and the goods are delivered, but the conditions are not performed, trover will lie to recover them back." And where it is said " the vendor has a lien for the price of goods sold." And of the use of it in the second sense, when " an action for goods sold," or " assumpsit for goods sold" are spoken of. And of the use in the third sense, where it is said " where goods were purchased in market overt and sold by the purchaser before the felon was convicted, it was decided, that the owner" could not maintain trover for them. And when it is said, " if the purchaser neglects to remove goods sold within a reasonable time, the seller may charge him with warehouse room."

These examples will be sufficient to show, that there can be little safety in attaching a legal meaning to the word, when separated from the connexion or circumstances in which it is used. It is necessary therefore to advert to the facts disclosed in the case to decide, whether the instructions on this point were correct. These were, that the defendant before the commencement of the suit had wrongfully seised · the plaintiff's property, and had sold it, and at the trial had offered no evidence, that it had been sold on a credit, or that it had not been delivered and payment made. In the case of *Longchamp* v. *Kenney,* Douglas, 137, the defendant had obtained possession of a ticket from his servant, with whom it had been intrusted for sale ; and being called upon to account to the owner, he said, " well, if I had it, what then ? Go to the person, who received it of you, and let him pay you." The servant paid for the ticket and brought an action for money paid and money had and received. Lord Mansfield said, " if he sold the ticket and received the value of it, it was for the plaintiff's use, because the ticket was his. Now as he has not produced the ticket, it is a fair presumption, that he has sold it." This sentence affords an example of the use of the word sold in two different senses. In the first use, it does not include the payment, and

in the second use it was designed to do so. It would not be necessary to carry the presumption so far, as in that case, to justify the instruction given in this case, that "the jury would be authorized to find not only the sale, but that he had received the money or money's worth for the same."

In support of the third request it is contended, that if payment is to be considered as made, it is to be presumed to have been made to the owner, for whom the defendant was agent. Such a presumption can arise only, when from the nature of the business, or the usual course of transacting it, it is perceived, that payment would be expected to be made to the principal, and not to the agent. Ordinarily agents and factors for the sale of goods are expected to receive the payments. If the defendant had authority to sell, which must be presumed so far as he is concerned, there is nothing to indicate, that the money was to be paid to the principal. And there being no evidence, that he had paid it over to his principal, the action may be sustained against him. *Buller* v. *Harrison*, Cowp. 566.

It does not appear, that the jury were erroneously instructed respecting the measure of damages, or that the defendant was charged for a greater amount, than he was presumed to have received.

*Exceptions overruled.*